THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
STEPHANIE M. ZINNA, ESQ.
Nevada Bar No. 11488
OLSON CANNON & GORMLEY
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone:      702-384-4012
Facsimile:  702-383-0701
Email:  tdillard@ocgattorneys.com
            szinna@ocgatttorneys.com
*Attorneys for Defendants*
   *Clark County School District*
       *and Nicole Riley*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| S.D., a minor by and through her Parents, Andre Dupree and Daijeana Rogers,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT; NICHOLE RILEY, individually and in her capacity as Plaintiff's former teacher of record; DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　　　　　　Defendants. | Case No. 2:23-cv-00684-RFB-DJA<br><br>**ORDER TO STAY DISCOVERY**<br><br>**(FIRST REQUEST)** |

IT IS HEREBY STIPULATED AND AGREED between the parties, in accordance with LR 26-3, that discovery, and all associated deadlines, be stayed pending formal mediation. This Stipulation is supported by good cause, is the Parties' first request and not for the purpose of delay.

**I.     DISCOVERY COMPLETED TO DATE**

The parties have completed the following discovery to date: exchanged their initial Rule 26 Disclosures and supplements thereto. Per the Court's requirements, the specific discovery conducted is delineated below:

/ / /

1

1. Initial Disclosures were served:
   a. By Defendants CCSD and Riley on July 21, 2023
   b. By Plaintiffs on July 24, 2023
2. The Deposition of Eva Silvas was taken on September 7, 2023.
3. The Deposition of Traci Mitchell was taken on September 7, 2023.
4. Plaintiffs served Answers to Clark County School District's First Set of Interrogatories on September 25, 2023.
5. Plaintiffs served Responses to Clark County School District's First Set of Requests for Production on September 25, 2023.
6. Plaintiffs' First Supplemental Disclosures were served on September 25, 2023.
7. The Deposition of Defendant Nicole Riley was taken on September 26, 2023.
8. Defendants' First Supplemental Disclosures were served on October 3, 2023.
9. The Continued Deposition of Traci Mitchell was taken on October 13, 2023.
10. Defendants' Second Supplemental Disclosures were served on October 16, 2023.
11. Defendants' Third Supplemental Disclosures were served on October 18, 2023.
12. The Deposition of Lenora Bredsguard was commenced on October 18, 2023.
13. Plaintiffs' Request for Production of Documents to Defendant CCSD were served on October 20, 2023.
14. Plaintiff's Requests for Admission to Defendant CCSD were served on October 20, 2023.
15. Plaintiffs' Interrogatories to Defendant CCSD were served on October 20, 2023.
16. Plaintiffs' Request for Production of Documents to Defendant Nicole Riley were served on October 20, 2023.
17. Plaintiff's Requests for Admission to Defendant Nicole Riley were served on October 20, 2023.
18. Plaintiffs' Interrogatories to Defendant Nicole Riley were served on October 20, 2023.
19. The Deposition of Maria Castro was taken on October 23, 2023.
20. Plaintiffs' Second Supplemental Disclosures were served on October 26, 2023.

21. Plaintiffs' Third Supplemental Disclosures were served on October 27, 2023.

22. The Deposition of Plaintiff Daijeana Rogers was taken on October 31, 2023.

23. Plaintiff executed and produced Authorizations for Release of the minor Plaintiffs' medical records on October 31, 2023.

24. Defendants transmitted requests for production of the minor Plaintiffs' medical records, to providers identified by Plaintiffs, on November 2, 2023.

25. Defendants' Fourth Supplemental Disclosure was served on December 6, 2023.

26. Defendant CCSD Responses to Plaintiff's Requests for Admission was served on December 6, 2023.

27. Defendant CCSD's Responses to Plaintiff's Requests for Admission was served on December 6, 2023.

28. Defendant CCSD's Responses to Plaintiff's Requests for Production was served on December 6, 2023.

29. Defendant CCSD's Answers to Plaintiff's Interrogatories was served on December 6, 2023.

30. Defendant Nicole Riley's Responses to Plaintiff's Requests for Admission was served on December 6, 2023.

31. Defendant Nicole Riley's Responses to Plaintiff's Requests for Production was served on December 6, 2023.

32. Defendant Nicole Riley's Answers to Plaintiff's Interrogatories was served on December 6, 2023.

33. The Rule 35 Examination of the minor Plaintiff S.D. was conducted on December 11, 2023.

34. The Deposition of Nicole Baumgartner was taken on January 5, 2024.

35. The continued Deposition of Lenora Bredsguard was taken on January 16, 2024.

36. On June 27, 2024, Plaintiff and Defendants' served their Initial Expert Disclosures, respectively.

## II. DISCOVERY YET TO BE COMPLETED

The Parties have yet to complete the following discovery:

1. The parties will produce rebuttal expert reports.
2. The parties will depose experts as disclosed.
3. Depositions of any and all physical and mental healthcare providers for the minor Plaintiff.
4. Plaintiff would like to take the 30(b)(6) Deposition of Clark County School District.

The Parties reserve the right to conduct additional discovery that is permitted by the United States Rules of Civil Procedure.

## III. LEGAL STANDARD AND REASONING

The Court has the inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and the Court. *Id.* "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir.2005).

Here, there is a general understanding of the potential for settlement, and all parties believe a good faith effort that mediation may achieve settlement. All parties would like to avoid incurring the expense of proceeding with the remaining discovery if it can be avoided through settlement. The parties' independent negotiations have failed but the parties believe a mediation may be helpful to achieve a settlement agreement. This stipulation represents the shared interests of the parties. Additionally, it would be beneficial to the Court and its docket if the parties are

4

able to achieve a settlement agreement during the period of the stay. As such, the parties seek to stay discovery pending the completion of a mediation.

DATED this 23rd day of July, 2024.                    DATED this 23rd day of July, 2024.

OLSON CANNON & GORMLEY                        ARIAS SANGUINETTI WANG
                      & TORRIJOS, LLP

By: /s/ Stephanie M. Zinna, Esq.                         By: /s/ Christopher A.J. Swift
 THOMAS D. DILLARD, JR., ESQ.                 GREGG A. HUBLEY, ESQ.
 Nevada Bar No. 6270                                      Nevada Bar No. 7386
 STEPHANIE M. ZINNA, ESQ.                       CHRISTOPHER A.J. SWIFT, ESQ.
 Nevada Bar No. 11488                                    Nevada Bar No. 11291
 9950 West Cheyenne Avenue                         7201 W. Lake Mead Blvd., Suite 570
 Las Vegas, Nevada 89129                               Las Vegas, NV 89128
 *Attorneys for Defendants*                              *Attorneys for Plaintiff*
 Clark County School District
 and Nicole Riley                                                 LAW OFFICE OF MARIANNE C. LANUTI
                      MARIANNE C. LANUTI, ESQ.
                      Nevada Bar No. 7784
                      658 Falcon Summit Ct.
                      Henderson, NV 89012
                      *Attorney for Plaintiff*

**ORDER**

Based upon the foregoing Stipulation of the Parties, and for good cause appearing therefore, IT IS HEREBY ORDERED that discovery in *S.D. through Andre Dupree and Daijeana Rogers v. Clark County School District and Nicole Riley* USDC Case No 2:23-cv-00684-RFB-DJA and all related deadlines, are STAYED pending the completion of a mediation.

IT IS FURTHER ORDERED that, in the event that the parties do not reach a settlement, they shall file a proposed discovery scheduling order fourteen (14) days after the unsuccessful mediation.

**IT IS FURTHER ORDERED** that, although the parties did not cite the good cause standard articulated in *Gibson v. MGM International*, No. 2:23-cv-00140-MMD-DJA, 2023 WL 4455726 (D. Nev. July 11, 2023), the parties have demonstrated good cause to stay discovery pending their mediation.  So, the Court **GRANTS** the parties' stipulation to stay discovery. (ECF No. 23).  Because the Court grants the parties' amended stipulation to stay discovery, it **DENIES** the parties' previous stipulation (ECF No. 22) as **MOOT.**

                    _____
                    DANIEL J. ALBREGTS
                    UNITED STATES MAGISTRATE JUDGE

                    DATED: July 24, 2024

## Audrianna Click

| | |
|---|---|
| **From:** | Christopher A. J. Swift <christopher@aswtlawyers.com> |
| **Sent:** | Tuesday, July 23, 2024 2:00 PM |
| **To:** | Linda Roth; Audrianna Click; Emily Smith; Gregg A. Hubley; Bryan Tamayo; Jasminn G. Hernandez |
| **Cc:** | Tom Dillard; Stephanie Zinna |
| **Subject:** | RE: SD v. CCSD/ Stip to Stay Discovery |

Thank you. You may attach my electronic signature.

CHRISTOPHER A.J. SWIFT | ARIAS SANGUINETTI | (702) 789-7529

---

**From:** Linda Roth <lroth@ocgattorneys.com>
**Sent:** Tuesday, July 23, 2024 1:55 PM
**To:** Christopher A. J. Swift <christopher@aswtlawyers.com>; Audrianna Click <aclick@ocgattorneys.com>; Emily Smith <emilys@aswtlawyers.com>; Gregg A. Hubley <gregg@aswtlawyers.com>; Bryan Tamayo <bryan@aswtlawyers.com>; Jasminn G. Hernandez <jasminn@aswtlawyers.com>
**Cc:** Tom Dillard <tdillard@ocgattorneys.com>; Stephanie Zinna <szinna@ocgattorneys.com>
**Subject:** RE: SD v. CCSD/ Stip to Stay Discovery

[CAUTION EXTERNAL E-MAIL: This email originated from Outside the Organization. DO NOT click or open attachments unless you recognize the sender and know the content is safe]

Hi Chris:

I added the 30(b)(6) Depo of CCSD.

Let me know if we have your authorization to attach your electronic signature.

Thanks!!!

Linda

Linda Susan Roth
Senior Paralegal to
Thomas D. Dillard, Jr., Esq.
and Stephanie M. Zinna, Esq.
Olson Cannon & Gormley
9950 W. Cheyenne Ave
Las Vegas, NV 89129
(702) 383-1604 direct line
(702) 383-0701 fax
lroth@ocgattorneys.com

**Please be advised our firm's email addresses currently lroth@ocgas.com will expire.
New email address: lroth@ocgattorneys.com

1